ALTENBERND, Chief Judge.
Jim Lee Wade appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for reconsideration of this motion and for resolution of an amended motion that is pending in the trial court.
Mr. Wade was convicted of fifty-seven offenses relating to child pornography in 1997. On direct appeal, this court affirmed fifty-five of those offenses and remanded for resentencing. Wade v. State, 751 So .2d 669 (Fla. 2d DCA 2000). The supreme court initially accepted jurisdiction on his case and then dismissed review in 2001. Wade v. State, 760 So.2d 949 (Fla.2000); Wade v. State, 779 So.2d 266 (Fla.2001).
*232 Mr. Wade filed this timely postconviction motion in January 2003, alleging numerous grounds of ineffective assistance of trial counsel. The trial court entered an order disposing of some of the grounds on June 5, 2003, and a final order disposing of the remaining grounds on October 21, 2003. At the time the trial court entered the final order, it did not realize that Mr. Wade had filed a motion to amend his pleading a few days earlier. During the pendency of this appeal, the trial court has entered an order staying its ruling on that motion until the conclusion of this appeal.
The two orders resolving this motion state that the trial court has reviewed the case file prior to denying the rule 3.850 motion. Unfortunately, the trial court attached only one page from the record to either order. This court’s review is further hampered by the fact that the order of June 5 that was transmitted to this court is missing page two. Finally, the June order was signed by Judge McCarthy and the final order was signed by Judge Alcott. On appeal, Mr. Wade argues for the first time that he attempted to retain Judge Alcott as his lawyer when these charges were first filed and that he would have attempted to recuse Judge Alcott if he had realized the case was assigned to him.
All things considered, it seems prudent to reverse and remand to permit the trial court to reconsider the original motion as well as the amendment to the motion and to permit the trial court to rule upon Mr. Wade’s motion to recuse Judge Alcott.
Reversed and remanded.
COVINGTON and VILLANTI, JJ., Concur.